```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

**BRIDGET A. DESROSIERS, ET AL.**   *

    **V.**                              *   **CIVIL NO. WDQ-07-2253**

**GIDDINGS & LEWIS MACHINE TOOLS**   *
**LLC, ET AL.**
                                  *

<u>**MEMORANDUM OPINION**</u>

Pending before the Court is Plaintiffs' Motion to Strike Defendants' Hybrid Experts pursuant to FED. R. CIV. P. 37(c)(1). (Paper No. 97). The briefing is complete. No hearing is necessary. Local Rule 104.7. For the reasons set forth below, the Court grants in part and denies in part the motion.

FED. R. CIV. P. 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under F.R.E. 702, 703, or 705." In their Rule 26(a)(2) disclosure served in May 2009, defendants identified two witnesses that they claim are "hybrid fact expert witnesses" and, as such, are not required to submit written reports under FED. R. CIV. P. 26(a)(2)(B): Mr. Ivan Greenwalt, General Manager for Gischel Machine Company, and Unknown Machine Operator(s) at the Gischel Machine Company. Mr. Greenwalt's testimony is

> expected [to be] in accordance with the testimony he provided at his deposition of Wednesday, March 18, 2008, as well as providing testimony regarding the operation of the accident machine, the guard installed post-accident, the guard proposed by plaintiffs,

> Gischel plant safety and safety training, and the machining performed by Gischel.

(Paper No. 97, Ex. 1, 2-3). The Unknown Machine Operator(s) at Gischel Machine Company are expected to testify about "the operation, use and training for the Model 340-T Horizontal Boring Mill at issue in this case." (Id., 3).

Plaintiffs challenge the characterization of these witnesses as "hybrid fact expert witnesses" and move to strike their testimony and exclude their giving of any expert testimony at trial, given their failure to provide timely written reports under FED. R. CIV. P. 26(a)(2)(B). Alternatively, plaintiffs ask that an additional deposition of Mr. Greenwalt be ordered in light of his new role as defense expert witness, and that defendants be required to identify the "unknown machine operator(s)." (Paper No. 97, 7). In their opposition, defendants do not object to another deposition of Mr. Greenwalt or to the identification and deposition of the Unknown Machine Operator(s). They could hardly do so, and the Court shall order both. As to Mr. Greenwalt, it is undisputed that at the time of his deposition on March 12, 2008, there was no indication as to the breadth of his now proposed testimony, including testimony on the guard proposed by plaintiffs. The Rule 26(a)(2) disclosures were not made until May, 2009. As to the Unidentified Machine Operator(s), whether their testimony is ultimately determined to be fact, lay opinion, or expert opinion, plaintiffs have the

right to discover the testimony.  Accordingly, defendants shall identify this person or persons and make them available for deposition immediately.  Fairness requires no less.

This leaves the more technical question of whether the Rules mandate a written report for these witnesses under FED. R. CIV. P. (a)(2)(B) for all of their forecast testimony.  Because defendants have identified them as offering testimony under F.R.E. 702, 703, and 705 in their FED. R. CIV. P. 26(a)(2)(A) disclosure, and because the Court determines that the witnesses have been "retained or specially employed" to provide this testimony under FED. R. CIV. P. 26(a)(2)(B), the Court concludes that the Rule on its face mandates a report.  It will be up to the trial judge to determine whether to admit the testimony under F.R.E. 701 as lay opinion, under 702 as expert opinion, or as fact testimony under F.R.E. 401-403.  However, as long as defendants offer the testimony as expert under F.R.E. 702, 703, or 705, as their Rule 26(a)(2) disclosure asserts, defendants must comply with the Rule's requirements.[1]  Defendants cannot just "keep their options open" to the detriment of plaintiffs' discovery of their intended testimony as provided under the Rules.  This Court concludes that, under a plain reading of the

---

[1] There are, of course, clear advantages to defendants in seeking to have this testimony treated under F.R.E. 702, rather than 701 (or even F.R.E. 401-403).  A lay opinion under F.R.E. 701 may well be viewed as carrying less weight with the trier of fact than an expert opinion under F.R.E. 702.

3

Rule and interpretative case law, a written report is required, for at least some of these witnesses' forecast testimony. If they fail to produce a written report, proffered testimony under F.R.E. 702-704 at trial will be excluded.

First, the Court concludes that the witnesses are covered by Fed. R. Civ. P. 26(a)(2)(B)'s reporting requirement. Fed. R. Civ. P. 26(a)(2)(B) is clear as to the two circumstances when a written report is required: if the witness is either

- retained or specially employed to provide expert testimony in the case, or

- one whose duties as the party's employee regularly involve giving expert testimony.

The second report-triggering situation is inapplicable here, as it is undisputed that neither witness is an employee of any defendant whose job duties include regularly giving expert testimony.

The parties disagree as to whether the witnesses were "retained or specially employed to provide expert testimony." Defendants simply assert in their opposition that: "Neither Mr. Greenwalt nor any Gischel Machine Company employee was retained or specially employed to provide expert testimony in this case . . ." (Paper No. 100, 2). Defendants do not provide any factual basis for this declaration or any legal authorities. The arrangement between the defendants and the witnesses is wholly unexplained. A party cannot stand on conclusory assertions but,

4

as in any discovery dispute, must support its position with facts and legal authorities.  Absent such a presentation, waiver may occur.  If waiver is not found and a party is allowed belatedly to present the factual and legal basis for its hybrid fact expert status, delay (costly to the opposing party) will surely result.  Plaintiffs, on the other hand, present cogent authorities that these witnesses - even on the sparse record - can be inferred to have been retained or specially employed to offer expert testimony.

Of course, the rule does not specify that an exchange of consideration is a predicate for "retention" or "special employment."  Rather, the distinction is that the party "arranged for" the witness to give expert testimony to advance his case and that testimony goes beyond that of an eyewitness.  Certainly, the Rule could not be read to relieve a world renowned expert of the written report requirement on a topic of great importance to a piece of litigation because the expert agreed to testify <u>pro bono</u>.  Indeed, courts take a very practical, common sense approach to the question of whether a witness has been "retained or specially employed."  "In the generally accepted meaning of the term in everyday usage, 'retained' or 'specially employed' ordinarily implies some consideration, a payment <u>or reward of some kind</u>, as consideration for being 'retained' or 'specially employed.'"  <u>Ager v. Jane C. Stormont Hosp. & Training Sch. For</u>

5

Nurses, 622 F.2d 496, 498 (10th Cir. 1980) (emphasis added). Thus, some courts find that any form of consideration, whether monetary or not, in return for an expert's testimony will put them within the purview of Fed. R. Civ. P. 26(a)(2)(B)'s reporting requirement.  See, e.g., Smith v. State Farm Fire and Cas. Co., 164 F.R.D. 49, 55-56 (S.D. W.Va. 1995)(following Ager in concluding that any sort of "compensation agreement" will suffice).

    Here, there is certainly a close nexus between the witnesses' employer and defendants, as the witnesses' employer is a client of defendants and the employer will likely compensate the witness-employees for their time spent testifying in this case.  Thus, it could be found that there is no meaningful distinction between the employer and the defendants here so as to justify as exception to Fed. R. Civ. P. 26(a)(2)(B) because the witnesses are employees of the defendants.  In addition, the employer here could be deemed "interested" as the employer may believe that he may derive a legal or other benefit if defendant manufacturer prevails.  See Innogenetics, N.V. v. Abbott Labs., 578 F. Supp. 2d 1079, 1089 (W.D. Wis. 2007) (stating that even an uncompensated witness in patent infringement suit "is not entirely disinterested.  He may have many reasons to want to prove that he was the true inventor of the method claimed in the '704 patent"), rev'd on other grounds, 512 F.3d 1363 (Fed. Cir.

2009).

Even if the witnesses are not directly compensated for their testimony, their "assignment" as experts by their employer qualifies them as experts subject to the Rule 26 disclosure requirement.  When an expert witness testifies on behalf of his employer, some courts have interpreted the specially employed or retained requirement broadly out of respect for the spirit of the rule, while others have interpreted it strictly.  See Greenhaw v. City of Cedar Rapids, Iowa, 255 F.R.D. 484, 488 (N.D. Iowa 2009) (summarizing the split among courts on the proper interpretation of Rule 26(a)(2)(B)'s reporting requirement, commenting that "[o]ne line of cases applies a strict reading of the Rule, while a second line of cases emphasizes the goal of 'promoting full pre-trial disclosure of expert information'").  The former line of cases focuses on the goals of the 1993 amendment to the rule to require broad disclosure and endorses the more expansive view of "employed and specially retained" embodied by the spirit of the rule.  See, e.g., Prieto v. Malgor, 361 F.3d 1313, 1317-18 (11th Cir. 2004) (requiring an employee who did not normally provide expert testimony but who "functioned exactly as an expert witness normally does" to provide a Rule 26(a)(2)(B) disclosure, and commenting that creation of a category of expert trial witness for whom no written disclosure is required should not be permitted).

The latter line of cases strictly construes the Rule, as far as acknowledged "employees" are concerned. See, e.g., Greenhaw, 255 F.R.D. at 488 (commenting that "[t]he Court must apply the Rule as it is written, not as it could have been or should have been written").

Those courts that have expansively interpreted the retained or specially employed requirement in even employee-witness situations have persuasively justified their positions. For example, in KW Plastics v. U.S. Can Company, 199 F.R.D. 687 (M.D. Ala. 2000), the court found that plaintiff's witness, CEO of U.S. Can Company, who was used to introduce evidence of plaintiff's damages that arose out of the alleged breach of contract committed by defendant, constituted a specially employed witness under the Rule. The court, quoting Day v. Consolidated Rail Corporation, Civ. No. 95-968, 1996 WL 257654, *2 (S.D.N.Y. May 15, 1996), that strict construction of the specially employed language

> . . . would create a distinction seemingly at odds with the evident purpose of promoting full pre-trial disclosure of expert information. The logic of defendant's position would be to create a category of expert trial witness for whom no written disclosure is required-a result plainly not contemplated by the drafters of the current version of the rules and not justified by any articulated policy. The implausibility of defendant's position on this point is underscored by the language of the relevant Advisory Committee notes for the current version of the rules and for its predecessor.

KW Plastics, 199 F.R.D. at 689 (quoting Day, 1996 WL 257654, *2).

8

The court went on to point out why a reporting requirement is not imposed on lay witnesses versus experts:

> . . . [w]e may infer that the reasons for requiring an expert's report are far less compelling and may unfairly burden a non-party who is appearing principally because he or she witnessed certain events relevant to the lawsuit.
>
> In a case such as this, in which it appears that the witness in question . . . although employed by the defendant, is being called solely or principally to offer expert testimony, there is little justification for construing the rules as excusing the report requirement. Since his duties do not normally involve giving expert testimony, he may fairly be viewed as having been 'retained' or 'specially employed' for that purpose.

Id. (quoting Day, 1996 WL 257654, *2).

McCulloch v. Hartford Life and Accident Insurance Company, 223 F.R.D. 26 (D. Conn. 2004), is another instructive case. There, the court found that defendant's witnesses, who intended to rebut testimony that defendant performed jobs incorrectly by presenting facts that the witnesses correctly performed their duties of claims investigators, provided expert testimony under FED. R. CIV. P. 26(a). Id. at 28. The court commented,

> the interests in this case weigh in favor of requiring expert reports, notwithstanding Hartford's claim they are primarily serving as fact witnesses. <u>In order to present opinion about the adequacy of their performance, these witnesses must provide substantially more than a recital of facts about what they may have observed on the job. These witnesses will develop opinions specifically for trial, the basis of which the defendant is entitled to be informed about.</u> Furthermore, to find otherwise would risk encouraging corporate defendants to attempt to evade the report requirement by designating its own employees first as

9

>fact witnesses and then asking them to offer some
>related expert opinion."

Id. (emphasis added).  See also Funai Elec. Co. v. Daewoo Elec. Corp., C. No. 04-1830, 2007 WL 1089702, *3 (N.D. Cal. 2007) (stating that, "while Mr. Kang's job duties do not involve regularly providing testimony and while he was not retained or specially employed to provide testimony, he is not automatically exempt from the report requirement.  Courts impose the report requirement on employees who testify regarding matters <u>outside the scope of their employment, who provide technical evaluations of evidence reviewed solely in preparation for trial, who provide opinion testimony on the merits of the case, or who have no direct and personal knowledge of the facts to which they are testifying.</u>  To the extent that Mr. Kang's testimony runs along these lines, Funai has a right to be informed about the basis of the opinions" (emphasis added)).

Thus, the Court concludes here that both Mr. Greenwalt and the Unknown Machine Operator(s) have been specially employed or retained under FED. R. CIV. P. 26, and a written report is necessary as to their expert testimony.

The question then becomes whether, since the witnesses gained some relevant knowledge (whether fact, lay opinion, or expert opinion) as a result of their employment at Gischel, a non party and independent of the litigation, <u>and</u> some presumably because of the litigation (most clearly in Mr. Greenwalt's case),

10

they are "hybrid" witnesses exempt from any written report requirement, under Local Rule 104.10 (D. Md.).

However, as the <u>Sullivan</u> opinion noted: "a witness can be a hybrid witness as to certain opinions, but a retained expert as to others. . ." <u>Sullivan v. Glock</u>, 175 F.R.D. 497, 500 (D. Md. 1997). The distinction drawn in the treating physician hybrid witness situation is instructive here.

> To the extent that the source of the facts which form the basis for a treating physician's opinions derive from information learned during the actual treatment of the patient-as opposed to being subsequently supplied by an attorney involved in litigating a case involving the condition or injury-then no Rule 26(a)(2)(B) statement should be required.

<u>Id.</u> Other courts similarly find the distinction between a hybrid and expert situation is whether the facts underlying a physician's opinion were learned in conjunction with regular treatment or in preparation for trial.

> If a treating physician forms an opinion on the causation of an injury to a patient and the prognosis of the patient's condition during the treatment then such opinion may be expressed by the treating without the necessity of a report under Fed. R. Civ. 26(a)(2)(B). . . . However, if a physician, even though he may be a treating physician, is specially retained or employed to render a medical opinion based upon factors that were not learned in the course of the treatment of the patient, then such a doctor would be required to present an expert written report.

<u>Hall v. Sykes</u>, 164 F.R.D. 46, 48 (E.D.Va. 1995). Therefore, where a witness's testimony is not based on his personal observation gained in the ordinary course, but rather on

11

information supplied to him related to the litigation, the hybrid witness exception will not shield him from the reporting requirement.

From defendants' description of the proposed testimony, it appears that defendants intend to have the Unknown Machine Operator(s) simply describe the operation of the machine, either under F.R.E. 701 or F.R.E. 403 et seq. To the extent that defendants intend for the Unknown Machine Operator(s) to offer opinion testimony based on facts not obtained in his actual, ordinary operation of the boring machine, he may not do so unless complete Rule 26(a)(2)(B) disclosures are made. For example, the posing of hypotheticals to this witness that inject factors not present in his work environment would suggest the need for a written report. See Certain Underwriters at Lloyds, London v. Sinkovich, 232 F.3d 200, 203 (4th Cir. 2000) (comparing testimony admissible under F.R.E. 701 and 702 and noting that "[u]nlike a lay witness under Rule 701, an expert can answer hypothetical questions and offer opinions not based on first-hand knowledge . . ."). See also U.S. v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005) (recognizing that "the ability to answer hypothetical questions is 'the essential difference' between expert and lay witnesses" (citing Asplundh Mfg. Div. v. Benton Harbor Eng'q, 57 F.3d 1190, 1202 n.16 (3d Cir. 1995)); White v. Walker, 950 F.2d 972, 979 (5th Cir. 1991) (holding that testimony of a lay witness

12

was properly excluded when testimony was sought in response to a series of hypothetical questions that were not "rationally based on the perception of the witness"); U.S. v. Minor, 459 F.2d 103, 106 (5th Cir. 1972) (noting that, although a lay witness could testify as to his opinion on the defendant's mental capacity, he could not properly respond to hypothetical questions). But see Favorito v. Pannell, 27 F.3d 716, 722 (1st Cir. 1994) (commenting that, although "relevant hypothetical questions may be put to lay witnesses subject to the Rule 403 balancing test," this should not be construed to "declar[e] 'open season' for hypothetical questions without regard to their overriding prejudice, cumulativeness and the like").

    Thus, to the extent that the Unknown Machine Operator(s) intends to testify at trial only as to his knowledge derived from his day-to-day ordinary operation of the boring machine at issue then he is either a fact or hybrid fact/expert witness and there is no obligation to provide the comprehensive written report of FED. R. CIV. P. 26(a)(2)(B). Cf. FED. R. CIV. P. 26, cmt. ("1970 Amendment . . . Subdivision (b)(4) - Trial Preparation: Experts. . . . th[is] subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer . . . [as s]uch an expert should be treated as an ordinary witness"). Beyond that testimony, defendants must submit a written report.

13

On the other hand, from the description of Mr. Greenwalt's testimony, it is apparent that defendants intend to offer opinion testimony based on facts not obtained in his ordinary management of the plant, including but not limited to his projected testimony on plaintiffs' guard.  Some of his forecast testimony appears clearly generated by litigation needs, not part of the warp and weave of his duties as manager.  At least some of these opinions, then, are not based on his day-to-day factual knowledge as manager.  Accordingly, he may not testify in these areas unless complete Rule 26(a)(2)(B) disclosures are made regarding this testimony.  See, e.g., Prieto, 361 F.3d at 1318-19 (requiring a police officer testifying on behalf of the government to submit a written report under Rule 26 when he provided expert testimony, based on his review of police reports and depositions and at the request of counsel, as to the level of force exhibited by officers and the appropriateness thereof); KW Plastics, 199 F.R.D. at 689-90 (requiring a controller and vice president to provide expert testimony disclosure under Rule 26 when he testified as an expert on behalf of his company as to the company's damages arising from alleged tortious activity and a breach of contract).

As set forth in the accompanying Order, defendants must file Rule 26(a)(2)(B) disclosures and produce the witnesses for deposition.  Failure to file complete disclosures on F.R.E. 702-

704 forecast testimony shall result in exclusion of such testimony at trial.

Because of the continued confusion regarding the hybrid witness issue and F<small>ED</small>. R. C<small>IV</small>. P. 26 written report requirement, the Court will neither exclude the expert testimony if a complete disclosure is made nor award monetary sanctions.  F<small>ED</small>. R. C<small>IV</small>. P. 37(c)(1).  Given the stage of the litigation, there is here sufficient time to avoid any lasting prejudice to plaintiffs.

A separate Order shall issue.

Date: 11/24/2009                           /s/
                                Susan K. Gauvey
                                United States Magistrate Judge

15