IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| BRIDGET A. DESROSIERS, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO.: WDQ-07-2253 |
| MAG INDUSTRIAL AUTOMATION SYSTEMS, LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

This products liability action arises out of the death of David M. Desrosiers. Bridget A. Desrosiers[1] sued Giddings & Lewis Machine Tools, LLC ("G&L"), MAG Industrial Automation Systems, LLC ("MAG Industrial"), and Maxcor, Inc. ("Maxcor") for various tort claims. Pending are the Defendants' objection to the magistrate judge's Order of November 25, 2009 and Desrosiers's motion to strike that objection. For the following reasons, the Defendants' objection will be sustained in part and overruled in part, and Desrosiers's motion will be denied.

---

[1] Bridget A. Desrosiers sued individually, as the mother and next friend of Katherine Desrosiers, and as personal representative of David Desrosier's estate.

I.   Background

David Desrosiers was a machine operator for Gischel Machinery Company ("Gischel") in Baltimore, Maryland. On September 7, 2004, he was killed while operating a horizontal boring machine manufactured by G&L.[2] The machine has a horizontal spinning bit--the "spindle"--which sometimes comes near the operator when used. David Desrosiers was killed when his clothing became tangled in the spindle.

On August 24, 2007, Bridget Desrosiers ("Desrosiers") sued G&L, MAG Industrial, and Maxcor. Paper No. 1.[3] On June 20, 2008, the case was referred to Magistrate Judge Susan Gauvey for all discovery and related scheduling. Paper No. 28.

On May 27, 2009, the Defendants served their Rule 26(a)(2) expert disclosures. Paper No. 97, Ex. 1 at 2-3. On September 9, 2009, Desrosiers moved to strike two witnesses designated by the defense as "Hybrid Fact Expert Witnesses"--Ivan R. Greenwalt, Jr.,[4] General Manager for Gischel, and an "Unknown Machine Operator(s)" at Gischel--under Fed. R. Civ. P. 37(c)(1).

---

[2] G&L is a subsidiary of MAG Industrial Automation Systems, LLC, which is owed by Maxcor, Inc. Pl.'s Mot. to Strike 2.

[3] In her amended complaint, Desrosiers corrected the name of a defendant. Paper No. 4.

[4] Greenwalt is expected to testify "regarding the operation of the accident machine, the guard installed post-accident, the guard proposed by Plaintiffs, Gischel plant safety and safety training, and the machining performed by Gischel." Paper No. 97 at 2-3.

Paper No. 97 at 1-2. On November 25, 2009, Judge Gauvey denied the request to strike but ordered the Defendants to (1) produce a written report for Greenwalt by December 7, 2009; and (2) identify the Unknown Machine Operator(s) by December 7, 2009. ("Expert Report Order"). Paper No. 118. She also ordered Greenwalt and the Unknown Machine Operator(s) to make themselves available for deposition by December 21, 2009. *Id*.

On December 7, 2009, the Defendants moved for reconsideration of that order, Paper No. 121; Judge Gauvey denied that request on December 22, 2009, Paper No. 125. On December 24, 2009, the Defendants filed an objection to the Expert Report Order with this Court. Paper No. 127. On December 31, 2009, Desrosiers filed a motion to strike that objection as untimely. Paper No. 128.

II. Analysis

    A. Timeliness of the Defendants' Objection

Desrosiers argues that the Defendants' objection was untimely because it was filed more than 30 days after the Expert Report Order. Pl.'s Mot. 1. The Defendants contend that the objection was timely because the deadline for filing was stayed while their motion for reconsideration was pending. Def.'s Opp. 4-5.[5]

---

[5] The motion for reconsideration was filed 12 days after the Expert Report Order, and the objection was filed two days after

3

Under Local Rule 301.5.a, an objection to a magistrate judge's order must be served and filed within 14 days after its entry;[6] the rule does not state whether a motion for reconsideration extends the time for filing an objection. Some courts have extended the objection deadline when a motion for reconsideration is pending before the magistrate judge.[7] Adopting the reasoning of those courts, the Court deems the Defendants' objection timely.

---

Judge Gauvey denied the motion for reconsideration. Not counting the time the motion for reconsideration was pending, the Defendants' objection was filed within 14 days of that order.

[6] The Local Rules, effective December 1, 2009, extended the time to file an objection from 10 days to 14 days after entry of the magistrate judge's order. Because the objection was filed on December 24, 2009, the 14-day limit applies.

[7] *See Epperly v. Lehmann Co.*, 161 F.R.D. 72, 74 (S.D. Ind. 1994)("Rule 72(a)'s ten-day deadline for filing objections to a magistrate judge's order should not run while a motion directed to the magistrate judge to amend or reconsider his order is pending"); *Comeau v. Rupp*, 142 F.R.D. 683, 685-86 (D. Kan. 1992)("A fair reading of the federal and local rules should allow the magistrate judge to fully consider, and if requested, reconsider his decisions before a party invokes district court review under Rule 72(a)).

4

B. Objection to Judge Gauvey's Expert Report Order[8]

1. Standard of Review

Under Local Rule 301.5.a, "[a] District Judge may reconsider, modify, or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a). The district court reviews a magistrate judge's conclusions of law *de novo*. *Int'l Assoc. of Machinists and Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 485 (D. Md. 2005).

In applying the clearly erroneous standard, the district court does not determine whether a finding is the best or the only finding possible. *Id*. at 486. The Court does not "substitute its own conclusions for th[ose] of the magistrate judge;" instead, the Court merely determines whether the magistrate judge's findings are reasonable. *Id*. Indeed, "[i]t is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123 (D. Md. 2002).

---

[8] The Defendants have not objected to Judge Gauvey's orders that they identify the Unknown Machine Operator(s) or that Greenwalt and the Unknown Machine Operator(s) be available for depositions. Accordingly, those portions of Judge Gauvey's order will be sustained.

5

2.  Expert Disclosures Required Under Rule 26(a)(2)

The disclosure of expert testimony is governed by Fed. R. Civ. P. 26(a)(2) and Local Rule 104.10.  Under Rule 26(a)(2)(A), parties must disclose the identities of expert witnesses before trial.  Fed. R. Civ. P. 26(a)(2)(A).  If the witness is either (1) "retained or specially employed to provide expert testimony in the case" or (2) a party's employee whose duties regularly involve giving expert testimony, the disclosures must be accompanied by a written report of the expected testimony unless otherwise ordered by the Court.  *Id*. 26(a)(2)(B).  Local Rule 104.10 explains that a written report "need not be provided as to hybrid fact/expert witnesses such as treating physicians."

Because Greenwalt and the Unknown Machine Operator were not employed by a party, the second report-triggering situation is not present.  The parties dispute whether the witnesses were "retained or specially employed to provide expert testimony in this case" ("retained experts").  Desrosiers contends that the Defendants have "specially employed" Greenwalt and the Unknown Machine Operator by "borrowing these employees, who presumably will be compensated by Gischel for their time in testifying at trial."  Pl.'s Reply 2.  The Defendants argue that they have no relationship with these involuntary witnesses and "no access to them outside the subpoena power[.]"  Def.'s Obj. 11.

Judge Gauvey identified a split of authority regarding who must provide a written report.[9] Although courts disagree about the disclosure obligations of a *party's* employee under Rule 26(a)(2)(B), when an unretained, non-party with some expert knowledge is appearing as a fact witness, an expert report is not required. *See Day*, 1996 WL 257654, at *2; *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 500 (D. Md. 1997). In such cases, "the reasons for requiring an expert's report are far less compelling and may unfairly burden a non-party who is appearing principally because he or she witnessed certain events relevant to the lawsuit." *Day*, 1996 WL 257654, at *2.

Here, Gischel is not a party, but its employees--Greenwalt and the Unknown Machine Operator(s)--have been designated by the Defendants as "hybrid fact/expert witnesses." To determine

---

[9] Some cases, such as *Navajo Nation v. Norris*, 189 F.R.D. 610 (E.D. Wash. 1999), apply a strict reading of the rule so that "employees who do not regularly testify for the employer but are doing so in a particular case need not provide the report." *Id*. at 612; *see also See Greenhaw v. City of Cedar Rapids*, 255 F.R.D. 484, 487 (N.D. Iowa 2009)(collecting cases).[9] Alternatively, following the reasoning in *Day v. Consolidated Rail Corp.*, 1996 WL 257654, *2-3 (S.D.N.Y. May 15, 1996), some cases interpret the report requirement to "promot[e] full pre-trial disclosure of expert information." *Greenhaw*, 255 F.R.D. at 488. Under that approach, a party's employee who does not regularly provide expert testimony may be required to submit a written report even if he is not receiving extra compensation for that service. *Day*, 1996 WL 257654, at *3. Judge Gauvey adopted the expansive view of "employed and specially retained" and required broad disclosure in accord with the "spirit" of Rule 26. Paper No. 117 at 7-8.

7

whether expert reports were required from these witnesses, Judge Gauvey examined the Defendants' relationship with Gischel. She concluded that there was a "close nexus" between them because Gischel was a client of the Defendants and would "likely compensate the witness-employees for their time spent testifying." Paper No. 117 at 6. She further held that Gischel could be considered an "interested" party, as it might benefit from a successful defense of the horizontal boring machine. *Id*. Finding "no meaningful distinction between the employer and the [D]efendants . . . to justify a[n] exemption to Fed. R. Civ. P. 26(a)(2)(B)," Judge Gauvey required written reports from the Gischel witnesses. *Id*.

There is no evidence that Gischel is "likely" to compensate its witness-employees for their expert testimony or that it would benefit from a defense victory in this case.[10] There is also no evidence that the Defendants have provided or plan to provide any compensation in conjunction with these witnesses' testimony. Because Gischel is not a party to this suit, even a broad reading of Rule 26(a)(2)(B) does not require its employees

---

[10] On the original motion to strike, no party presented evidence about the relationship between Gischel and the Defendants. In their objection, the Defendants contend that they have no connection with Gischel, which is "a separate, unrelated entity, not a party to this suit, over which [they] have no control or influence." Def.'s Obj. 11.

8

with expertise to submit written reports absent evidence that they were "retained" or "specially employed" by the Defendants.[11]

Recognizing the "temptation for judges to overlook the exemptions from the report requirement" in favor of full disclosure, the Supreme Court recently adopted Rule 26(a)(2)(C), which provides for more limited disclosures from experts not required to file a report.  *Id*. (*citing* Report of the Civil Rules Advisory Committee, Committee Note to 2010 amendment to Rule 26(a)(2) at 15-16 (effective Dec. 1, 2010), *available at* www.uscourts.gov/rules/Supreme%20Court%202009/Excerpt-CV.pdf)) (hereinafter *Committee Report*).[12]  The Committee Notes to this

---

[11]  Practical considerations also suggest that the written report requirement should not be applied to the Gischel employee-witnesses.  The Rule 26(a)(B)(2) report is very thorough, and its preparation may be expensive and time consuming.  8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure* § 2031.2 (3d ed. 2010)).  The Defendants cannot compel the Gischel employees, by subpoenas or other means, to draft expert reports.  *See Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir. 1972) (recognizing that a court cannot compel an expert witness to "prepare himself for trial"); *Penn. Nat'l Ins. Co. v. HNI Corp.*, 245 F.R.D. 190, 195 (M.D. Pa. 2007)(noting that the court cannot require experts to "prepare for trial, to conduct new investigations, or to render any new reports or opinions").  Thus, unless they can secure the Gischel employee-witnesses' voluntary compliance, the Defendants will not be able to present their expert opinions at trial.  The expert report requirement was not intended to "unduly interfere" with a party's ability to bring claims or defenses.  8A Wright, Miller, & Marcus, *supra*, § 2031.2.

[12]  Under Rule 26(a)(2)(C), "[u]nless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence

new section state that "[t]his amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement." Committee Report at 16. Reinforcing the distinction between retained and unretained witnesses, the Committee Notes warn courts not to "requir[e] undue detail" in the Rule 26(a)(20(C) summary, as "these witnesses have not been specially retained and may not be as responsive to counsel as those who have." *Id*.

Because there is no evidence that the Gischel employee-witnesses were retained or specially employed by the Defendants, the written report requirement in Rule 26(a)(2)(B) does not apply to them. Judge Gauvey recognized a need for further disclosure of the Gischel employee-witnesses expert opinions.[13] Accordingly, although a Rule 26(a)(2)(B) report will not be required, summary disclosure of the Gischel employee-witnesses' expected testimony--like that required under the new Rule 26(a)(2)(C)--must be provided to give Desrosiers notice of the substance of those expert opinions. Desrosiers may further

---

under Federal Rules of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Committee Report at 19-20.

[13] In its discretion, the court may impose the written report requirement "on additional persons who will provide opinions under [Fed. R. Evid.] 702." 1993 Committee Note to Rule 26(a)(2)(B).

discover those witnesses' expert opinions "through interrogatories, document production requests, and depositions." Local Rule 104.10; *see also Sullivan*, 175 F.R.D. at 501.

III. Conclusion

For the reasons stated above, Desrosiers's motion to strike will be denied. The Defendants' objection will be sustained in part and overruled in part. Judge Gauvey's orders that the Defendants identify the Unknown Machine Operator(s) and that Greenwalt be available for a second deposition are sustained. By June 4, 2010, the Defendants shall identify the Unknown Machine Operator(s) and produce summary disclosures of Greenwalt and the Unknown Machine Operator(s') expert opinions, which shall include (i) the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify.

May 25, 2010  _____/s/_____
Date  William D. Quarles, Jr.
  United States District Judge